# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NOVACLOUD LICENSING LLC,<br><br>                   Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                   Defendant. | Case No.   7:26-cv-00035<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., in which Plaintiff NovaCloud Licensing LLC ("NovaCloud") alleges as follows against Defendant Google LLC ("Google"):

## INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of the following United States patents, which relate to certain aspects of cloud computing management, information security, database storage, and advertising management: U.S. Patent No. 8,401,028 (the "'028 Patent"); U.S. Patent No. 8,627,086 (the "'086 Patent"); U.S. Patent No. 9,201,747 (the "'747 Patent"); U.S. Patent No. 9,491,063 (the "'063 Patent"); and U.S. Reissue Patent No. RE47,612 (the "RE'612 Patent") (collectively the "Asserted Patents"). NovaCloud owns each of the Asserted Patents and holds all enforcement rights. NovaCloud also has the right to recover all damages for

1

past, present, and future infringement of the Asserted Patents and to seek injunctive relief as appropriate under the law.

2. Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 228 Hamilton Avenue, 3rd Floor, Palo Alto, CA 94301.

3. NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery.[1] This technology is integral to today's Infrastructure-as-a-Service and Platform-as-a-Service cloud computing platforms, content delivery networks, and datacenters and, as such, underpins many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

4. Plaintiff is the owner of U.S. Patent No. 8,401,028 (the "'028 Patent"), titled "Selection of an edge node in a fixed access communication network," which issued on March 19, 2013. A copy of the '028 Patent is attached to this Complaint as Exhibit 1.

5. Plaintiff is the owner of U.S. Patent No. 8,627,086 (the "'086 Patent"), titled "Secure loading and storing of data in a data processing devices," which issued on January 7, 2014. A copy of the '086 Patent is attached to this Complaint as Exhibit 2.

6. Plaintiff is the owner of U.S. Patent No. 9,201,747 (the "'747 Patent"), titled "Real time database system," which issued on December 1, 2015. A copy of the '747 Patent is attached to this Complaint as Exhibit 3.

---

[1] https://www.novacloudllc.com/#portfolio

7. Plaintiff is the owner of U.S. Patent No. 9,491,063 (the "'063 Patent"), titled "Method and apparatus for providing network services orchestration." The patent was originally issued on November 8, 2016. A copy of the '063 Patent is attached to this Complaint as Exhibit 4.

8. Plaintiff is the owner of U.S. Reissue Patent No. RE47,612 (the "RE'612 Patent"), titled "Adaptive ads with advertising markers," which issued on November 24, 2015 and it was reissued on September 17, 2019. A copy of the RE'612 Patent is attached to this Complaint as Exhibit 5.

9. On information and belief, Google LLC is a wholly-owned subsidiary of Alphabet, Inc, and a Delaware limited liability company, with an established place of business at 500 West 2nd Street, Austin Texas 78701 at which Google can be served with process.

10. In February 2024, Google interacted with Ericsson regarding a portfolio of Ericsson's patents that were ultimately acquired by NovaCloud. On information and belief, Google knew of the asserted patents since at least February 2024 and knew of its infringement thereof.

11. NovaCloud first contacted Google in June 2024 concerning its patent portfolio. The parties interacted in July 2024, August 2024, November 2024, December 2024, March 2025, April 2025, May 2025, June 2025, July 2025, August 2025, September 2025, October 2025, and November 2025 regarding NovaCloud's portfolio including the Asserted Patents. Thus far, NovaCloud and Google have been unable to agree to a license.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Google in this action because Google has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Western District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas, and commits acts of infringement of NovaCloud's patents in this District by, among other things, supplying, distributing, developing, making, using, offering to sell, and selling Google Cloud Platform, Google Spanner, and Google DAI.

15. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Google resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

16. On information and belief, Google operates Google Cloud servers in this District, which support Google Could, Spanner, and DAI. For example, on information and belief, Google LLC operates network edge locations in at least Austin, TX, and San Antonio TX.[2] On information and belief, Google LLC operates the infringing instrumentalities with and through these edge nodes. Google LLC describes these network edge locations as "Google Cloud offers connections to Google Cloud services from over 200 locations across the following metropolitan areas."[3] Given

---

[2] https://docs.cloud.google.com/vpc/docs/edge-locations
[3] *Id*.

each of the accused instrumentalities is a functionality of Google Cloud services, Google LLC infringes in each of the "200 locations," including in this district.

17. On information and belief, Google employs engineering, product-operations, and marketing teams at its Austin campus—including personnel working with Google Cloud, Spanner, and DAI services. From their offices in this District, those employees maintain, upgrade and develop Google Cloud services.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,401,028

18. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. On March 19, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,401,028 (the "'028 Patent") entitled "Selection of an edge node in a fixed access communication network." Ex. 1.

20. The Accused Instrumentalities for the '028 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud including Andromeda, and all versions and variations thereof since the issuance of the asserted patent.

21. NovaCloud is the owner of the '028 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

22. The written description of the '028 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '028 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

24. Defendant has directly infringed (literally and equivalently) and induced others to infringe the '028 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '028 Patent and by inducing others to infringe the claims of the '028 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '028 Patent.

25. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 6 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe Claim 1 of the '028 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

26. Defendant knowingly and intentionally induces and contributes to infringement of the '028 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the '028 Patent and the infringing nature of the Accused Instrumentalities since at least around February 2024 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

27. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '028 Patent. Defendant does so knowing and intending that its customers will commit these infringing

acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '028 Patent, thereby specifically intending for and inducing its customers to infringe the '028 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

28. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '028 Patent.

29. Defendant has induced, and continues to induce, infringement of the '028 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

30. NovaCloud has been damaged by Defendant's infringement of the '028 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,627,086

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. On January 7, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,627,086 (the "'086 Patent") entitled "Secure loading and storing of data in a data processing device." Ex. 2.

33. The Accused Instrumentalities for the '086 Patent are, without limitation, the Titan chip, along with the software and hardware components used to operate the Titan chip including smartphones and cloud servers using a Titan Chip, and all versions and variations thereof since the issuance of the asserted patent.

34. NovaCloud is the owner of the '086 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

35. The written description of the '086 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

36. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '086 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

37. Defendant has directly infringed (literally and equivalently) and induced others to infringe the '086 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '086 Patent and by inducing others to infringe the claims of the '086 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '086 Patent.

38. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 7 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe

Claim 1 of the '086 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

39. Defendant knowingly and intentionally induces and contributes to infringement of the '086 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the '086 Patent and the infringing nature of the Accused Instrumentalities since at least around February 2024 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

40. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '086 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '086 Patent, thereby specifically intending for and inducing its customers to infringe the '086 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

41. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '086 Patent.

42. Defendant has induced, and continues to induce, infringement of the '086 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information,

education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

43. NovaCloud has been damaged by Defendant's infringement of the '086 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,201,747

44. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. On December 1, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,201,747 (the "'747 Patent") entitled "Real time database system." Ex. 3.

46. The Accused Instrumentalities for the '747 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud including Google Spanner, and all versions and variations thereof since the issuance of the asserted patent.

47. NovaCloud is the owner of the '747 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

48. The written description of the '747 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

49. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '747 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

50. Defendant has directly infringed (literally and equivalently) and induced others to infringe the '747 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '747 Patent and by inducing others to infringe the claims of the '747 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '747 Patent.

51. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 8 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe Claim 12 of the '747 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

52. Defendant knowingly and intentionally induces and contributes to infringement of the '747 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the '747 Patent and the infringing nature of the Accused Instrumentalities since at least around February 2024 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

53. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '747 Patent. Defendant does so knowing and intending that its customers will commit these infringing

acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '747 Patent, thereby specifically intending for and inducing its customers to infringe the '747 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

54. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '747 Patent.

55. Defendant has induced, and continues to induce, infringement of the '747 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

56. NovaCloud has been damaged by Defendant's infringement of the '747 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT IV

## INFRINGEMENT OF U.S. REISSUE PATENT NO. RE47,612

57. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. On September 17, 2019, the United States Patent and Trademark Office issued reissue U.S. Patent No. RE47,612, titled "Adaptive Ads with Advertising Markers." Ex. 4.

59. The Accused Instrumentalities for the RE'612 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Ad Manager including Google's Full Service DAI and Video Stitcher, and all versions and variations thereof since the issuance of the asserted patent.

60. NovaCloud is the owner of the RE'612 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

61. The written description of the RE'612 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

62. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the RE'612 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

63. Defendant has directly infringed (literally and equivalently) and induced others to infringe the RE'612 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the RE'612 Patent and by inducing others to infringe the claims of the RE'612 Patent without a license or permission from NovaCloud, such as, for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the RE'612 Patent.

64. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 9 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe

Claim 27 of the RE'612 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

65. Defendant knowingly and intentionally induces and contributes to infringement of the RE'612 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the RE'612 Patent and the infringing nature of the Accused Instrumentalities since at least around February 2024 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

66. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the RE'612 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the RE'612 Patent, thereby specifically intending for and inducing its customers to infringe the RE'612 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

67. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the RE'612 Patent.

68. Defendant has induced, and continues to induce, infringement of the RE'612 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the

Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

69. NovaCloud has been damaged by Defendant's infringement of the RE'612 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 9,491,063

70. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

71. On November 8, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,491,063 (the "'063 Patent") entitled "Method and apparatus for providing network services orchestration." Ex. 5.

72. The Accused Instrumentalities for the '063 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud Platform including Andromeda SDN, Borg, Compute Engine, Cloud Service Mesh, and other supporting functions, and all versions and variations thereof since the issuance of the asserted patent.

73. NovaCloud is the owner of the '063 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

74. The written description of the '063 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from

and improved upon what may have been considered conventional or generic in the art at the time of the invention.

75. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '063 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

76. Defendant has directly infringed (literally and equivalently) and induced others to infringe the '063 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '063 Patent and by inducing others to infringe the claims of the '063 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '063 Patent.

77. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 10 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe Claim 10 of the '063 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

78. Defendant knowingly and intentionally induces and contributes to infringement of the '063 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the '063 Patent and the infringing nature of the Accused Instrumentalities since at least around February 2024 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

79. Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '063 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '063 Patent, thereby specifically intending for and inducing its customers to infringe the '063 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

80. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '063 Patent.

81. Defendant has induced, and continues to induce, infringement of the '063 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

82. NovaCloud has been damaged by Defendant's infringement of the '063 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly infringed the Asserted

Patents, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 2, 2026                    Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc Fenster (CA SBN 181067)
mfenster@raklaw.com
Adam Hoffman (CA SBN 218740)
ahoffman@raklaw.com
Andrew Weiss (CA SBN 232974)
aweiss@raklaw.com
Linjun Xu (CA SBN 307667)

lxu@raklaw.com
Joshua Scheufler (TX SBN 24123406)
jscheufler@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
*Attorneys for Plaintiff*
*NovaCloud Licensing, LLC*